Citation Nr: 1438765 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 07-25 535 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a left ankle disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. M. Olson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1985 to August 1985 and from December 2003 to January 2005, with additional periods of active duty for training (ACDUTRA) from April 2006 to September 2006 and from July 2009 to August 2010. The Veteran has over 15 years of inactive service with the United States Army Reserve.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The issue of entitlement to service connection for a bilateral foot disability has been raised by the record but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. 
§ 19.9(b) (2013).


FINDING OF FACT

The probative, competent evidence does not demonstrate that the Veteran has a current left ankle disability for which service connection may be granted.


CONCLUSION OF LAW

The criteria for service connection for a left ankle disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.103, 3.303, 3.304 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has met all statutory and regulatory notice and duty to assist provisions. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Letters dated in February 2006 and May 2006 satisfied the duty to notify provisions, to include notice of the regulations pertinent to the establishment of an effective date and disability rating.

In addition, the Veteran's electronic file contains VA examination reports, identified private treatment records, lay evidence, and a portion of her service treatment records. In November 2009, the Board remanded the Veteran's claim to obtain all service treatment records for her period of active service from December 2003 to January 2005. The Veteran was notified in October 2010 that the service treatment records for this period of service were unavailable for review. In addition, the Board remanded the Veteran's claim in September 2012 and February 2014 to obtain the service treatment records pertaining to her reserve service subsequent to September 2006. In March 2014, the Records Management Center notified VA of the unavailability of such records, and the VA Appeals Management Center (AMC) notified the Veteran. In this respect, when records in government custody are lost or destroyed, VA has a heightened duty to consider the benefit of the doubt doctrine, to assist the claimant in developing the claim, and to explain its decision. See Russo v. Brown, 9 Vet. App. 46, 51 (1996). However, the threshold for allowance of a claim is not lowered and the need for probative medical evidence is not eliminated. Here, the Board finds the RO/AMC fulfilled the heightened duty to assist with respect to obtaining the Veteran's service treatment records. 

In addition, the Board remanded the Veteran's claim in November 2009 and July 2011 for a VA examination to determine the nature and etiology of any left ankle disability. Accordingly, the Veteran underwent VA examination in September 2011. Upon review, the Board finds the September 2011 VA examination and opinion adequate for the purpose of determining service connection. The VA examiner reviewed the Veteran's relevant medical history and lay testimony, completed a physical examination and other appropriate testing, and provided an opinion as to the clinical findings. In addition, the VA examiner provided an adequate rationale for the opinion stated, relying on and citing to the records reviewed. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion, not the mere fact that the claims file was reviewed). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). In addition, the Board finds the RO/AMC substantially complied with all of the Board's remand directives. See 38 U.S.C.A. § 5103A(b); Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). 

There is no indication in the record that any additional evidence relevant to the issue is available and not part of the claims file. See Pelegrini, 18 Vet. App. 112. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (2006); see also Dingess/Hartman, 19 Vet. App. at 486.

All of the evidence in the Veteran's claims file has been thoroughly reviewed. Although an obligation to provide sufficient reasons and bases in support of an appellate decision exists, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on her behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that the entire record must be reviewed, but each piece of evidence does not have to be discussed). The analysis in this decision focuses on the most salient and relevant evidence and on what the evidence shows or fails to show with respect to the matter decided. The Veteran should not assume that pieces of evidence, not explicitly discussed, have been overlooked. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (noting that the law requires only that reasons for rejecting evidence favorable to the claimant be addressed).

Service connection may be established for a disability resulting from diseases or injuries which are clearly present in service or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). 

The Veteran asserts that she has a left ankle disability that had its onset during active service. 

In this case, the Board finds it determinative that the medical evidence does not demonstrate a clear diagnosis of a left ankle disability during the pendency of the appeal or a recent diagnosis of a left ankle disability prior to the Veteran filing a claim for disability benefits. 38 U.S.C.A. §§ 1110, 1131; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Evidence must show that the veteran has the disability for which benefits are being claimed. See also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); McClain v. Nicholson, 21 Vet. App. 319 (2007) (holding that the requirement of a current disability is met if the disability was present at any point during the claim period). In the absence of proof of a present disability, there can be no valid claim. Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992). Here, the Board recognizes that private treatment records dated in February 2003 show complaints of ankle pain and edema after running. In addition, treatment records dated from June 2003 through September 2003 reveal complaints of ankle pain, and the Veteran was placed on a no running profile. The diagnosis was exercise-induced tarsal tunnel syndrome. Service treatment records for the Veteran's period of ACDUTRA from April 2006 to September 2006 also reveal treatment for ankle pain. The Veteran also underwent VA examination in connection with her claim in October 2005. Although X-ray examination was essentially normal, and the Veteran had normal range of motion of her left ankle, the VA examiner diagnosed tarsal tunnel syndrome, bilateral ankles. However, the VA examiner did not explain the diagnosis in connection with the medical evidence, nor did the VA examiner comment on the etiology of any ankle disability, to include tarsal tunnel syndrome. 

In order to obtain clarification, the Veteran underwent additional VA examination in September 2011. After reviewing the Veteran's claims file, to include all of the treatment records available, the VA examiner found no evidence of a left ankle condition. Further, the VA examiner determined that the Veteran did not have a diagnosis of a left ankle disability at any time. The VA examiner reported that the EMG performed on the right ankle was negative for tarsal tunnel. In addition, all X-ray examinations of the left ankle performed in 2005, 2010, and 2011 were negative for pathological findings. The VA examiner noted the Veteran's reports concerning an in-service fall, her subjective complaints of pain in the left ankle with motion, and that her range of motion was reduced. However, the VA examiner found this was subjective because the Veteran was in control of how far she moved the joint. The VA examiner stated there was no history of direct injury or trauma. As such, the VA examiner found there was no clear and unmistakable evidence of a left ankle disorder or condition in the records. 

Here, the Board affords the September 2011 VA examiner's opinion significant probative value. As noted above, the VA examiner reviewed the Veteran's medical history, to include all of the physical examinations and tests, and commented on the findings. The VA examiner also considered the Veteran's statements regarding her in-service injuries and treatment. Finally, the VA examiner performed a physical examination and provided adequate rationale for the opinion, citing to the records reviewed. In light of this opinion, the Board finds the October 2005 VA examiner's diagnosis of tarsal tunnel syndrome is not supported by the medical evidence, particularly considering the negative EMG and X-ray examinations as noted by the September 2011 VA examiner. 

In addition, aside from the one diagnosis of exercise induced tarsal tunnel syndrome, which the September 2011 VA examiner found was not credible, the medical records do not demonstrate that a left ankle disability was diagnosed at any time during the pendency of the appeal. In this respect, the Board is cognizant of the holding of the Court in Romanowsky, 26 Vet. App. 289. In Romanowsky, the United States Court of Appeals for Veterans Claims (Court) held that when the record contains a recent diagnosis of disability prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. The Veteran filed her initial service connection claim in February 2005. Although the medical records show complaints of left ankle pain and diagnoses of several disabilities related to the Veteran's feet prior to and following the submission of her claim, they do not demonstrate a clear diagnosis of a left ankle disability. Pain alone, without a diagnosed or identifiable underlying malady or condition does not in and of itself constitute a disability for which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999). As such, the Board finds the evidence does not demonstrate a diagnosis of a left ankle disability for the purpose of service connection. 

The Board acknowledges the Veteran's assertions that she suffers from left ankle pain and recognizes that she is competent to provide evidence about the symptoms she experiences. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); Charles v. Principi, 16 Vet. App. 370 (2002) (finding the veteran competent to testify to symptomatology capable of lay observation); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (noting competent lay evidence requires facts perceived through the use of the five senses). The Board further notes that lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, a left ankle disability is not the type of disability that is subject to lay diagnosis. Hence, while the Veteran is competent to report the symptoms she experiences, she is not competent to diagnose a left ankle disability, as she has not been shown to have the medical training necessary to do so. 

In this case, the Veteran reported her symptoms to the September 2011 VA examiner; however, after considering the Veteran's statements, performing a physical examination, and reviewing the Veteran's medical records, the VA examiner did not provide a diagnosis of a left ankle disability. In addition, the clinical evidence does not support a competent diagnosis of a left ankle disability at any time prior to or during the pendency of the appeal. The Board concludes, therefore, that the medical findings are of greater probative value than the Veteran's allegations regarding the existence of a left ankle disability. 

The Veteran's claim also cannot be granted as an undiagnosed illness under 38 C.F.R. § 3.317 because the symptoms are not consistently present. Therefore, the Board finds that there is no chronic undiagnosed illness present as defined in the controlling regulations.

Without evidence of a diagnosis of a current left ankle disability, the preponderance of the evidence is against the Veteran's claim. No further discussion of the nexus element for service connection is necessary. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998). The benefit of the doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).


ORDER

Entitlement to service connection for a left ankle disability is denied.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs